

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Royall R. Watkins, President
State Board of Education of Texas
Austin, Texas

Dear Sir:

Opinion No. O-6056

Re: Can the State Board of Education use a reasonable sum of money to be paid out of the Textbook Fund to defray the "expenses of a Special or Standardization Committee" as well as the State Textbook Advisory Committee, to make a careful study on supplementary readers and textbooks as to proper placements, relisting, etc., and make suggestions to the Board pertaining to the same?

We are in receipt of your letter of recent date requesting an opinion on the questions hereinafter mentioned. We quote the following from your letter:

"It is the desire of the State Board of Education to have a full, complete and exhaustive study made of certain supplementary readers and textbooks which are to be considered for adoption by the Board during the next few months, and in order that proper consideration can be given these books, the Board has heretofore appointed a Committee known as the Standardization Committee or Special Committee, which is composed of teachers, supervisors and school administrators from various sections of the State of Texas, to assist the Board and the Textbook Advisory Committee in making such study of said books.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIST

Honorable Royall R. Watkins, Page 2

". . . .

"This Committee has worked diligently for the past several weeks, having come to Austin at its own expense for two meetings, one of which lasted for two days. So far the work of the Committee and its recommendations are most beneficial and helpful to the Board and the Textbook Advisory Committee, and the Board desires to have it continue and complete its work.

". . . .

"You will observe Article 2842, with reference to the work of the State Board of Education, provides, among other things:

"(Second Sentence thereof)
"'. . . Before making any change in the adopted series, however, the Commission (now State Board of Education) shall, upon thorough investigation, satisfy itself that a change is necessary for the best interests of the school children, and that such change is consistent with financial economy. . . .'

"Therefore, the Board desires to submit to you the following questions for your consideration and advice:

"No. 1. Can the State Board of Education use a reasonable sum of money to be paid out of the Textbook Fund to defray the expenses of both this Special or Standardization Committee as well as the State Textbook Advisory Committee, to make a careful study of supplementary readers and textbooks as to proper placements, relisting, etc., and make suggestions and recommendations to the Board pertaining to the same?

"Please bear in mind that no salary will be paid to any member of the respective committees - only actual expenses in connection with the

Honorable Royall R. Watkins, page 3

necessary work, investigation and various duties required to make the study of the books in question, and the work will be solely for the purpose of aiding the Board in the selection of textbooks for the public schools.

"NO. 2. If you have answered the first question in the affirmative, then can the Board reimburse the members of this Standardization Committee for its actual and necessary expenses incurred in its work incident to its two meetings held during the months of April and May, 1944?

"NO. 3. It is the purpose of the Board to have such actual and necessary expense accounts rendered to it by members of this Committee for the Board's examination and approval; therefore - can vouchers for such accounts be issued by the Comptroller and paid by the State Treasurer upon the order and approval by the State Board of Education?

". . . ."

The pertinent Articles of the Civil Statutes governing the matters inquired about are as follows:

"The members of the State Board of Education, created by this Act (Arts. 2675b-1 to 2675b-10, V. A. C. S.), shall be paid Ten Dollars per day when in actual attendance upon Board Meetings, and shall be entitled to actual traveling and other necessary expenses incurred in the discharge of their duties. Each member shall take the Constitutional oath of office." Article 2675b-10, V.A.C.S.

"Said Board of Education shall appoint a Textbook Committee to be composed of five members, each of whom shall be an experienced and active educator, engaged in teaching, in the public schools in Texas, and it shall be the duty of said Textbook

251.

Committee, to examine the books submitted for
adoption and make their recommendations in
writing to said State Board of Education rela-
tive to the teachable value of the books sub-
mitted respectively. The Textbook Committee,
provided for herein, shall hold their meetings
where and when the said State Board of Education
shall determine and shall receive the same com-
pensation as the members of the State Board of
Education as provided for in Section 10 of this
Act (Art. 2675b-10, V. A. C. S., above quoted).
The qualifications as prescribed for members of
State Board of Education in Section 2 of this
Act (Art. 2675b-2, V. A. C. S.) shall apply to
the Textbook Committee provided for herein."
Art. 2675b-5 (f), V. A. C. S.

"The State Textbook Commission shall no
longer meet or function after the taking effect
of this Act (Art. 2675b-1 to 2675b-10), and the
duties heretofore devolving by law upon the State
Textbook Commission shall be performed by the
State Board of Education, created by this Act,
. . ." Art. 2675b-5(e), V. A. C. S.

Article 2842, V. A. C. S., contains, among others,
the following provision:

"Before making any change in the adopted series,
however, the Commission (now State Board of Education
by virtue of the provisions of Art. 2675b-5 (e),
partly quoted above) shall, upon thorough investiga-
tion, satisfy itself that a change is necessary for
the best interests of the school children and that
such change is consistent with financial economy."

Within the scope of the foregoing statutory pro-
visions, it is obvious that no authority, either expressed
or implied, exists for defraying expenses of such Special or
Standardization Committee referred to in your communication.
Neither have we discovered any other statute which authorizes
such expenses. The functions of such committee are provided
for by existing law. Such functions are to be exercised by

Honorable Royall R. Watkins, page 5

the Textbook Committee, created by the State Board of Education as required by Art. 2675b-5(f), V. A. C. S., the members of which shall receive the compensation as therein provided.

Of course, it is permissible for the State Board of Education to seek advice and counsel from other sources, such as teachers, supervisors, school administrators, and the State Superintendent of Public Instruction, who is ex-officio Secretary of said Board. However, in the absence of statutory authority, such advice and counsel must be furnished, if at all, without expense to the State.

Your question No. 1 is therefore answered in the negative.

In view of the foregoing, your other questions require no answers.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen
Assistant

LHF:fo

APPROVED JAN 27, 1944

(Acting) ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN